UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-862-H

JOHN W. STONE OIL DISTRIBUTOR, LLC                                        PLAINTIFF

V.

PBI BANK, INC.                                                            DEFENDANT

# MEMORANDUM OPINION AND ORDER

This action involves a banking and fraud dispute between Plaintiff, John W. Stone Oil Distributor, LLC, and Defendant, PBI Bank, Inc. Plaintiff filed its original complaint on October 27, 2009, but did not effect service of process on Defendant until June 2, 2010. Defendant has moved to dismiss without prejudice for failure to effect service of process within the time limit set by Federal Rule of Civil Procedure 4(m).[1]

Rule 4(m) provides,

> **Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

(emphasis in original). It is clear that Plaintiff failed to serve Defendant within the requisite 120-day time period. Plaintiff offers little justification for this failure, noting only that a lawsuit involving the same issues was pending in Louisiana contemporaneous to this case and it was waiting to see the result of that litigation before effecting service of process. Plaintiff believed

---

[1] Initially, Defendant moved to dismiss on a variety of other, substantive grounds. Plaintiff subsequently filed an amended complaint, which the parties appear to agree mooted those substantive arguments. Thus, the only remaining basis for dismissal is Plaintiff's failure to timely effect service of process.

that if the Louisiana litigation were permitted to proceed, this case would be unnecessary. In effect, Plaintiff admits that it purposefully delayed issuing service of process beyond the time limitation, possibly for a tactical advantage. Put simply, this is not good cause for delay.

Citing *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514 (6th Cir. 2006), Defendant argues that where the plaintiff fails to comply with the 120-day deadline and fails to show good cause, the district court *must* dismiss the action without prejudice. *Nafziger* does state, "Dismissal of the action 'shall' follow unless the 'plaintiff shows good cause' for failure to meet the 120-day deadline." *Id.* at 521 (quoting Fed. R. Civ. P. 4(m)). This language may appear to give credence to Defendant's argument. However, it appears that the Circuit did not consider the district court's discretion, under the plain language of Rule 4(m), to extend the deadline even in the absence of a showing of good cause. Rule 4(m) states that the district court "must dismiss the action without prejudice . . . *or order that service be made within a specified time*." (emphasis added). A finding of good cause is only required for the second sentence of Rule 4(m), which *requires* the Court to grant an extension of time.

The Sixth Circuit has recognized the dichotomy of this plain language prior to *Nafziger*. In *Stewart v. Tennessee Valley Authority*, 238 F.3d 424, 2000 WL 1785749 (6th Cir. Nov. 21, 2000) (table opinion), the Circuit held,

> Rule 4(m) requires the district court to undertake a two-part analysis. First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. If he has, then "the court *shall* extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). Second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified time. *See id.* In other words, the court has discretion to permit late service even absent a showing of good cause.

*Id.* at *1. Moreover, the U.S. Supreme Court has recognized that the district court has discretion

2

to extend the deadline, even in the absence of good cause. *Henderson v. United States*, 517 U.S. 654, 662 (1996) ("Most recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'") (quoting Advisory Committee's Notes on Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654).

Thus, the Court finds that it has discretion, even in the absence of a good cause showing, to extend the 120-day deadline for service of process. The Court has considered multiple factors. First, the Court believes that it was the responsibility of Plaintiff to serve process in a timely fashion. Its failure lends some weight to dismissal. However, the Court is more persuaded by the apparent lack of prejudice in permitting the case to proceed and the potential waste of resources caused by dismissal without prejudice. "[E]nforcement of the 120-day period may be found to be unnecessarily wasteful when it is applied to require the filing and service of the original complaint within 120 days, even though an amended complaint already has been served correctly and in timely fashion." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2002). That logic applies here.

All parties agree that Defendant has now received service of process on both the original complaint and the amended complaint. If the Court dismisses the claim without prejudice, Plaintiff will be free to re-file tomorrow and will simply re-effect service of process. Defendant has not argued that it will be prejudiced in any way by allowing this action to proceed as opposed to dismissing without prejudice and requiring Plaintiff to re-file.[2] In the absence of prejudice to Defendant, the Court will extend the time limitation for effecting service of process

---

[2] Plaintiff hypothesizes that Defendant may be pursuing dismissal in an attempt to bar the claim under the applicable statute of limitations. In its response, Defendant did not assert that the claim would be barred by the statute of limitations if the action were dismissed. Regardless, the Court can properly consider any statute of limitations argument when and if raised. Thus, Defendant will not be prejudiced by allowing the case to proceed.

through the time of actual service, which was effectuated on June 2, 2010.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss on the basis of Federal Rule of Civil Procedure 4(m) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss on other grounds is MOOT by reason of the filing of the Amended Complaint.

IT IS FURTHER ORDERED that Defendant's Motion to Stay Time for Filing a Responsive Pleading is SUSTAINED. Defendant shall have fourteen days from the entry of this Memorandum Opinion and Order to file its responsive pleading to the amended complaint.

This is not a final and appealable order.

cc: Counsel of Record