UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-862-H

JOHN W. STONE OIL DISTRIBUTOR, LLC                                    PLAINTIFF

V.

PBI BANK, INC.                                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, John W. Stone Oil Distributor, LLC ("Stone Oil") has asserted a number of state law claims against Defendant, PBI Bank, Inc. ("PBI") arising out of an embezzlement scheme actually perpetrated by a Stone Oil employee, Donna White ("White"), and her accomplice, Daniel Kinney ("Kinney"). PBI has moved to dismiss those claims. Upon close examination, the Court concludes that Stone Oil has not stated any viable causes of action under Kentucky law.

I.

The facts are relatively straightforward. White and Kinney devised and perpetrated an embezzlement scheme against Stone Oil, a Louisiana company. White was an accounts payable/receivable clerk at Stone Oil, and her duties included processing check requests and accepting payments from Stone Oil customers. As part of the embezzlement scheme, White created fraudulent check requests, causing Stone Oil to issue checks payable to genuine customers. She then manipulated the company books in order to prevent Stone Oil from discovering the fraud.

After Stone Oil issued the checks, White would gain physical possession of the checks and deposit them into bank accounts that she and Kinney had created in the names of the

customer-payees. White and Kinney apparently opened these accounts at several banks, including Regions Bank, JP Morgan Chase Bank, Mississippi River Bank and PBI. White and Kinney would then transfer the funds into personal accounts or withdraw the funds as cash.

According to the amended complaint, White and Kinney opened three accounts at PBI in the names of "Sierra Kiesel," "Kentucky Harper, LLC" and "Kentucky Apex Barge, LLC" or "Apex Metal Works, Inc." They deposited the stolen checks into the Sierra Kiesel account between October 6, 2003, and December 1, 2006; into the Kentucky Harper account between October 10, 2003 and November 21, 2006; and into the Apex account between May 5, 2005, and December 9, 2006. Over a four year period, White and Kinney were able to pilfer approximately $3 million from Stone Oil. Eventually, Stone Oil became suspicious of criminal activity in September, 2007. It contacted the FBI which interviewed White in October 2007. During that interview she admitted her participation.

On January 14, 2008, Stone Oil sued White, Kinney and each of the banks at which stolen checks had been deposited in Louisiana state court, where Stone Oil is located and where the criminal misconduct occurred. Of course, the likelihood of recovering its losses from White and Kinney are small, thus the focus on more creditworthy targets such as PBI. PBI moved to dismiss the Louisiana action on the grounds of the absence of personal jurisdiction. Ultimately, the Louisiana court agreed and dismissed the case. Stone Oil did not appeal.

Subsequently, Stone Oil filed this action on October 27, 2009, in the Western District of Kentucky. In the amended complaint, Count I alleges that PBI acted negligently in failing to detect and report suspicious activity on the part of White and Kinney. Count II alleges that PBI violated KRS 502.020, Kentucky's criminal aiding and abetting statute. Counts III, IV, and V

assert claims under the Kentucky version of the Uniform Commercial Code. The Court will consider each in turn.

II.

PBI moves to dismiss the negligence claims on the grounds that a bank has no duty to protect non-customers against the criminal activity of third persons. No Kentucky state courts have recognized the legal duty of a bank to a non-customer third party; nor has any court even discussed it. However, another Kentucky federal court has commented on the issue. It noted that while the trend in Kentucky law is to recognize a bank's duty where a plaintiff has a particular relationship with it,[1] no Kentucky courts have found a duty of care to a non-customer third party. *See S. Appalachian Coal Sales, Inc. v. Citizens Bank of N. Ky.*, No. 05-204-DLB, 2008 WL 4467297, at *15-16 (E.D. Ky. Sept. 20, 2008), *vacated in part on jurisdictional grounds*, 347 F. App'x 169 (6th Cir. 2009). That is precisely our circumstance.

In *Appalachian Coal*, certain coal suppliers sued a coal reseller after it did not pay for a coal shipment. The coal suppliers also sued the reseller's bank, alleging that the bank was negligent in the handling of the reseller's often-overdrawn account. A bank employee who helped the reseller manage its account was also an employee of the reseller. The bank's actions in *Appalachian Coal* were much more suspect and egregious than anything here. Nevertheless, our adjacent federal court found no Kentucky authority that would extend the bank's duty to non-customers, such as the coal supplier.

This Court agrees with that assessment and finds sound reasons for it. A contrary policy would cause havoc to the banking industry, exposing banks to a seemingly limitless number of

---

[1]The Court uses borrowers and depositors as examples.

unforeseeable plaintiffs. Not surprisingly, Plaintiff in this case can provide no authority to the contrary. Here, PBI did not know of the criminal scheme concocted by White and Kinney. Rather, White manipulated Stone Oil's records for years in order to conceal the fraud from everyone. Stone Oil is not a PBI customer. Stone Oil has no accounts at PBI and has no fiduciary relationship with it. In light of these circumstances and the *Appalachian Coal* analysis, the Court can confidently predict that Kentucky courts would not extend the bank's duty to the non-customer in a case such as this.

Plaintiff's negligence claim, therefore, has no basis in Kentucky law.

### III.

Stone Oil alleges that PBI violated KRS 502.020(2)(c) by aiding and abetting White and Kinney in committing theft and fraud. This is an unusual claim to say the least.

The claim fails because theft and fraud do not fall within the narrow scope of KRS 502.020(2). The traditional rule of accomplice liability, encompassed in KRS 502.020(1), is that a defendant must act with the intention of promoting or facilitating the underlying offense. KATHLEEN F. BRICKEY, KENTUCKY CRIMINAL LAW § 303 (Banks-Baldwin 1974). However, the statute provides an exception to the traditional rule, and under 502.020(2), it is not necessary that the defendant intend to promote the commission of the underlying offense. *Id*. When the underlying offense can be defined in terms of a wanton or reckless mental state, it is required only that a defendant act with the kind of culpability sufficient for commission of the underlying offense, i.e., wantonness or recklessness. LESLIE W. ABRAMSON, 10 KENTUCKY PRACTICE: SUBSTANTIVE CRIMINAL LAW § 3:7 (2d. ed. 2001); KRS 502.020, Kentucky Crime Commission Commentary (Baldwin 1974).

4

Here, the underlying offenses are theft and fraud, which do not fall into the statute's exception. A defendant cannot recklessly or wantonly commit theft or fraud. Consequently, PBI has no liability for allegedly aiding and abetting such crimes.

IV.

Stone Oil makes a number of claims under Kentucky's version of the Uniform Commercial Code, specifically under KRS 355.3-405, KRS 355.4-202, and KRS 355.4-207. KRS 355.3-118(7)(c), which imposes a three-year statute of limitations, bars each of these particular claims. Stone Oil argues that the discovery rule applies, which would toll the commencement of the statute of limitations period until the date when Stone Oil discovered the theft and fraud. However, Kentucky courts hesitate to apply the discovery rule without statutory authority to do so. *See Roman Catholic Diocese v. Secter*, 966 S.W.2d 286, 288 (Ky. Ct. App. 1998); *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 322 (6th Cir. Ky. 2010). KRS 355.3-118(7)(c) does not provide statutory authority for the extension of the discovery rule.

Like many states, Kentucky has shown a willingness to apply the discovery rule in instances where a defendant, who is relying on the statute of limitations, prevented a plaintiff from discovering the injury through fraud, misrepresentation or concealment. *See Harralson v. Monger*, 206 S.W.3d 336, 338-39 (Ky. 2006). No such circumstance exists here. It would be inappropriate for the Court to apply the discovery rule because it was White, not PBI, who concealed the fraud and theft from Stone Oil.

The Court will enter an order consistent with this Memorandum Opinion.




cc: Counsel of Record